**ELLER MEDIA COMPANY,**
**Plaintiff–Appellee,**

v.

**CITY OF CLEVELAND, Ohio,**
**Defendant–Appellant.**

No. 01–3946.

United States Court of Appeals,
Sixth Circuit.

Argued: March 25, 2003.

Decided and Filed: April 21, 2003.

Bruce O. Baumgartner, David L. Marburger (argued and briefed), Baker & Hostetler, Cleveland, Ohio, for Plaintiff-Appellee.

Frederick R. Nance (briefed), Steven A. Friedman (briefed), Squire, Sanders & Dempsey, Cleveland, Ohio, Ronald J. O'Leary (argued and briefed), City of Cleveland Law Department, Office of Director of Law, Cleveland, Ohio, for City of Cleveland.Mark D. Tucker (briefed), James F. DeLeone (briefed), Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for Ass'n of National Advertisers.

Before DAUGHTREY and GIBBONS, Circuit Judges; MILLS, District Judge.*

**OPINION**

PER CURIAM.

In this appeal, the City of Cleveland asks us to uphold the validity of a municipal ordinance banning within city limits all billboard advertising of alcoholic beverages, except in certain instances and in restricted areas of Cleveland. Although the City claimed to be motivated by the entirely laudable goal of curbing underage drinking in the community, the plaintiff, Eller Media Company, successfully sued to enjoin implementation of the ordinance on the grounds that the legislative action was preempted by state statute and also was an unconstitutional restriction on freedom of speech. *See Eller Media Co. v. City of Cleveland,* 161 F.Supp.2d 796 (N.D.Ohio 2001).

Specifically, the district court concluded that Ohio administrative regulations generally allow manufacturers and distributors of alcoholic beverages to advertise on billboards not located in the immediate vicinity of a church, school, or public playground. Thus, ruled the court, the City of Cleveland's attempt to limit such advertising further "serves to prohibit the advertising of alcoholic beverages in areas where it is otherwise legal under state law to do so. In this way, the restrictive nature of the ordinance places it in conflict with the more general state-wide statute." *Id.* at 806.

Additionally, analyzing the relevant United States Supreme Court decisions in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), and *Lorillard Tobacco Co. v. Reilly,* 533 U.S. 525, 121 S.Ct. 2404, 150 L.Ed.2d 532 (2001), the district court determined that the Cleveland ordinance also infringed upon Eller Media's free speech guarantees. As stated by the district court, the ordinance not only constitutes "nearly a complete ban on the communication of truthful information about legal alcoholic products to adult consumers," but "the range of communications restricted by the ordinance also seems unduly broad." *Eller Media,* 161 F.Supp.2d at 811 (citing *Lorillard Tobacco* ).

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Because the reasons why judgment should be entered for the plaintiff in this case have been ably articulated by the district court, the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out in its opinion and order published as *Eller Media Co. v. City of Cleveland,* 161 F.Supp.2d 796 (N.D.Ohio 2001).