[Cite as *Farm Credit Servs. of Am. v. Pertuset*, 2015-Ohio-3558.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| FARM CREDIT SERVICES OF MID-AMERICA PCA, | : | Case No. 14CA3659 |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND JUDGMENT |
| vs. | : | ENTRY |
| | : | |
| CARL PERTUSET, et al., | : | **Released: 09/01/15** |
| | : | |
| Defendants-Appellants. | : | |

_____

APPEARANCES:

Bruce M. Broyles, Boardman, Ohio, for Appellants.

Jeffrey B. Sams, Pickerington, Ohio, and Joshua D. Howard, Portsmouth, Ohio, for Appellee, American Savings Bank.[1]

John A. Gambill, Portsmouth, Ohio, for Appellees Brandon and Jeanna Hull.[2]

_____

McFarland, A.J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment entry confirming the sale of property formerly owned by Appellants, Carl E. and Vera M. Pertuset, which was the subject of a previously-filed foreclosure action. On appeal, Appellants contend that the trial court abused its discretion in confirming the Sheriff's sale after twice

---

[1] Farm Credit Services of Mid-America PCA has not filed a brief and is not participating on appeal.
[2] These Appellees are third party purchasers of the property at issue herein and intervened at the trial court level prior to the confirmation of the sheriff's sale.

previously determining that the sale was null and void and "not in compliance with the law." Because the confirmation of the sale was within the exclusive discretion of the trial court, and because we cannot conclude that the trial court abused its discretion in confirming the sale of the property, Appellants' sole assignment of error is without merit. Accordingly, the decision of the trial court is affirmed.

FACTS

{¶2} Appellant's initial appeal of this matter alleged that the trial court had erred in granting summary judgment in favor of American Savings Bank (hereinafter "American") because American failed to conclusively establish they were the proper party in interest and that they failed to establish privity with Appellants. They also argued the trial court erred in granting summary judgment in favor of American, claiming that American had failed to conclusively establish the amount of their damages. While this matter was initially pending on direct appeal, the property sold to third party buyers at a sheriff's sale held on November 14, 2012. This Court issued a decision on the merits affirming the trial court's grant of summary judgment and decree in foreclosure on February 5, 2013.

{¶3} Subsequently, on February 28, 2013, American filed a motion to vacate the trial court's February 18, 2011 summary judgment grant as well

as its August 9, 2011 decree in foreclosure, based upon a concern regarding a potential procedural issue regarding the filing of the final judicial report being filed after the final judgment entry, rather than before, as required by R.C. 2329.191. Appellant did not oppose this motion, however, the third party buyers entered an appearance through counsel, objecting to the motion to vacate and requesting that the sale be confirmed. The trial court filed a judgment entry on March 4, 2013 vacating its own original grant of summary judgment and decree in foreclosure, after this Court had already affirmed both of the those decisions on direct appeal.

{¶4} After the trial court vacated these decisions, American filed a renewed motion for summary judgment and Appellants followed with additional discovery requests, motions for extensions of time to conduct discovery, and a motion to compel discovery. Finally, on June 19, 2013, over the objection of Appellants, the trial court once again granted summary judgment and a decree in foreclosure in favor of American. Appellants appealed for a second time, challenging the trial court's second grant of summary judgment in favor of American, and also arguing that American had failed to comply with discovery. This Court, however, determined that the trial court lacked jurisdiction to vacate its original summary judgment grant and decree in foreclosure and that it exceeded its authority in doing so.

We therefore reversed the trial court's decision vacating the original summary judgment grant and decree in foreclosure, as well as the trial court's order granting American's renewed motion for summary judgment. *Farm Credit Services of Mid-America PCA v. Carl Pertuset, et al.*, 4th Dist. Scioto No. 13CA3563, 2014-Ohio-1289.

{¶5} In light of these findings, this Court further found that the original grant of summary judgment and decree of foreclosure stood valid as the law of the case. Subsequently, on April 24, 2014, after this Court's most recent decision was issued, the third party purchasers filed a motion to intervene in the trial court, as well as a motion to confirm the sheriff's sale. After conducting a hearing, the trial court issued an order confirming the sale on September 8, 2014. It is from that order that Appellants now bring their appeal, setting forth a single assignment of error for our review. Thus, the matter is now before us for a third time.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION IN
        CONFIRMING THE SHERIFF'S SALE AFTER TWICE
        PREVIOUSLY DETERMINING THAT THE SALE WAS NULL
        AND VOID AND 'NOT IN COMPLIANCE WITH LAW.' "

LEGAL ANALYSIS

{¶6} In their sole assignment of error, Appellants contend that the trial court abused its discretion in confirming the sheriff's sale after twice

previously determining that the sale was null and void and "not in compliance with law."  As set forth above, the question of whether the trial court properly granted summary judgment and a decree in foreclosure in favor of American has already been before this Court on direct appeal, as well as a subsequent appeal.  As this Court has affirmed the original grant of summary judgment and decree in foreclosure, these issues remain settled at this stage in the litigation.  As such, the only issue currently on appeal is the confirmation of the sale.

{¶7} R.C. 2329.31 governs confirmation of foreclosure sales and provides, in relevant part, as follows:

"(A) Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale * * *."

{¶8} "[I]t has long been recognized that the trial court has discretion to grant or deny confirmation: 'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.' " *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990); quoting *Michigan Mortg. Corp. v. Oakley*, 68 Ohio App.2d 83, 426 N.E.2d 1195 (1st Dist. 1980), paragraph two of the syllabus.  The trial court's exercise of discretion "must be bottomed upon the factual situations surrounding each sale." *Merkle v. Merkle*, 116 Ohio App. 370, 372, 188 N.E.2d 170 (4th Dist. 1961).  We review a trial court's decision to confirm or vacate a sheriff's sale under an abuse of discretion standard. *Commercial Federal. Mortg. Corp. v. Sarson*, 4th Dist. Lawrence No. 00CA09, 2000 WL 1257494 (Aug. 29, 2000); *Hall v. Vance*, 4th Dist. Highland No. 08CA16, 2009-Ohio-4945, ¶ 10.  "Thus, we must fully examine the proceedings to determine their regularity and will only reverse the trial court's confirmation of the sale if we determine that the trial court's confirmation was unreasonable, arbitrary or unconscionable." Id.  We are not free to merely substitute our judgment for that of the trial court. *Sarson*.  A trial court abuses its discretion when it is unreasonable, arbitrary, or unconscionable. *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015-Ohio-119, ¶ 31; *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19.

{¶9} Appellants contend that the trial court abused its discretion in confirming the sale when it had twice previously determined that the sale was not in compliance with the law and thus was null and void. Appellants further contend that the trial court abused its discretion in confirming the sale upon the motion of third party purchasers, who Appellants claim had no vested interest in the property prior to confirmation of the sale, and when the lender, American Savings Bank, had requested and obtained a new order of sale.

{¶10} With respect to Appellants' first argument, it is important to note at this juncture that the trial court's decision, dated March 4, 2013, which vacated its original summary judgment grant, stated that the sheriff's sale was null and void. Likewise, the trial court's decision, dated June 19, 2013, which granted American's renewed motion for summary judgment, found that "a previous judgment was granted in this case and that the confirmation and sale proceedings were not in compliance with law." However, the decision issued by this Court on March 27, 2014, as a result of Appellants' second appeal, vacated both of those decisions and as such, any finding that the sale had been rendered null and void or was not in compliance with the law was vacated as well. Thus, Appellants' reliance on these prior determinations of the trial court is misplaced.

{¶11} Further, the only potential procedural problem that has been raised with regard to the trial court proceedings relates to a late filing of the final judicial report.  R.C. 2329.191(B) requires the filing of preliminary and final judicial reports in foreclosure actions.  In this Court's most recent decision on this matter, however, we determined that any potential procedural issue related to the sale should have been apparent to the parties at the time of the original appeal, but was not raised.  Thus, we determined that the argument was barred on appeal, and at any additional proceedings at the trial court level. *Farm Credit Services of Mid-America PCA*, supra, at ¶ 14; citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 35.  As such, any argument by Appellants that the sale was contrary to law is barred and we find no merit to this portion of Appellants' argument.

{¶12} Appellants next contend that the trial court abused its discretion in confirming the sale upon the motion of the third party purchasers, who Appellants claim had no vested interest in the property prior to confirmation of the sale.  "[Third-party] purchasers at a foreclosure sale have no vested interest in the property prior to confirmation of the sale by the trial court." *Ohio Sav. Bank v. Ambrose*, supra, at 55.  " 'However, purchasers in foreclosure actions do have the right to intervene and participate to protect

their interests incident to the sale prior to confirmation.' " *EMC Mtge. Corp.
v. Pratt*, 10th Dist. Franklin No. 07AP-214, 2007-Ohio-4669, ¶ 11; quoting
*Mid-American Natl. Bank v. Heiges*, 6th Dist. Ottawa No. 94OT025, 1994
WL 645780 (Nov. 18, 1994); citing *Reed v. Radigan*, 42 Ohio St. 292, 294,
1884 WL 239 (1884).

{¶13} Thus, once the third party purchasers became the successful
bidders at the sheriff's sale, they had standing to move the court to intervene
and appear in order to protect their acquired interest in the property. Further,
as noted by American, the third party purchasers in this matter intervened in
the matter below and Appellants did not object. As such, Appellants have
waived any argument based upon the third party purchasers' participation in
the proceedings below. Additionally, as noted by the third party purchasers
in their brief, R.C. 2329.31, entitled "Confirmation and order for deed,"
which is set forth above indicates that the trial court may sua sponte confirm
a sale, without a motion being filed by any of the parties, if it is satisfied the
sale was in conformity with the law. In light of this Court's prior affirmance
of the original summary judgment grant and decree in foreclosure, as well as
our finding that any arguments based upon procedural flaws in the
proceedings were barred, we cannot conclude that the trial court abused its
discretion in confirming the sale. Based upon the foregoing, we also reject

this portion of Appellants' argument raised under their sole assignment of error.

{¶14} Finally, Appellants contend that the trial court abused its discretion in confirming the sale the same day that American had filed a praecipe for and obtained a new order of sale. A review of the record indicates that American filed a praecipe for order of sale at 10:26 a.m. on September 8, 2014. The record further reflects that the trial court issued a judgment entry confirming sale at 2:22 p.m. on September 8, 2014. Although the rationale for the filing does not appear in the trial court record, American explains on appeal that it filed a "supplemental" order of sale "as a result of the delay between the filing of the Motion for Confirmation and the filing of the Confirmation Order." American filed a notice of withdrawal of praecipe for order of sale the next day, on September 9, 2014. Thus, it never actually obtained a new order of sale. Based upon these facts and in light of the procedural history of this case, we cannot conclude that the trial court erred or abused its discretion in confirming the sale. Further, it is unlikely that the trial court was even aware of American's filing at the time its entry confirming the sale was filed and likewise, as noted by American on appeal, had American known an order confirming the sale was being

filed, it would not have filed a supplemental praecipe for order of sale. As such, the final argument raised under this assignment is without merit.

{¶15} Having found no merit in the arguments raised, Appellants' sole assignment of error is overruled. Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
Hoover, P.J.: Concurs in Judgment Only.

For the Court,

BY:    _____
       Matthew W. McFarland,
       Administrative Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**