MELODY J. STEWART, J.:
{¶1} This is an appeal from the appointment of a receiver to oversee certain mortgaged commercial real estate subject to foreclosure caused by a default on a promissory note. The issues are whether the court complied with the procedural prerequisites for appointing a receiver, whether the court erred by granting the receiver authority over assets not covered by the mortgage being foreclosed on, and whether the appointment of the receiver prevented the borrowers from satisfying their obligations under the note. We find no error and affirm.
{¶2} There are three parcels of real property at issue in this case. Those parcels were purchased with a promissory note currently held by plaintiff-appellee U.S. Bank National Association, as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1. At the time of this appeal, the debtors-defendants are Columbia Park East MHP L.L.C. and Columbia East MHC, L.L.C. ("Columbia East Defendants"), and defendant Columbia Far West Investors, L.L.C. ("Columbia West"). U.S. Bank commenced this action seeking judgment on a matured promissory note, foreclosure on the subject premises and fixtures, and the appointment of a receiver to *796 oversee the property subject to the mortgage and other liens. With respect to its request for the appointment of a receiver, U.S. Bank maintained that the loan documents "irrevocably consented to the appointment of a receiver" in the event of a default on the note.
{¶3} In addition to the contractual right to have a receiver appointed, U.S. Bank offered three reasons in support of its request. First, U.S. Bank maintained that Columbia East and Columbia West, who each held a 50 percent share of the property as tenants in common, engaged in unauthorized conveyances of the mortgaged real estate. In particular, U.S. Bank claimed that Columbia East transferred its 50 percent interest to nonborrower entities in violation of the mortgage covenants. Columbia East then reacquired its 50 percent interest from the nonborrower entities. Columbia East later claimed that it acquired Columbia West's 50 percent interest, although Columbia West denied this (Columbia East and Columbia West are engaged in litigation on the matter).
{¶4} The second reason in support of U.S. Bank's request is that it maintained that one of the properties contained a wastewater treatment plant that had been "subject to significant and long-running environmental violations that have been documented by the Ohio EPA and that require immediate attention." U.S. Bank claimed that the loan documents made Columbia East responsible for the cost of remediation of the environmental violations and payment of fines resulting from the violations.
{¶5} Third, U.S. Bank claimed that a receiver was necessary to preserve and protect all of the subject collateral. It maintained that a receiver was necessary to enforce the borrowers' contractual assignment of rents from the properties, all of which were income-producing. It believed that a receiver would prevent Columbia East from diverting rents to pay for the remediation of environmental violations that Columbia East alone was obligated to pay.
{¶6} Only the Columbia East defendants opposed the motion for the appointment of a receiver. They did not deny that the note had not been satisfied upon maturity. They also conceded that there were Ohio EPA violations on the property that required remediation. Nonetheless, the Columbia East defendants argued that the appointment of a receiver was unnecessary because they were prepared to satisfy their outstanding liabilities, including remediation of environmental violations, through the sale of the property. They informed the court that they had secured a buyer for the property and were continuing to make monthly payments in order to demonstrate their commitment to fulfilling their obligations under the note. The Columbia East defendants further told the court that they were currently engaged in litigation with Columbia West due to "Borrower West's failures to take responsibility and abide by its agreements that have caused this matter to escalate * * *." They argued that Columbia West refused to contribute capital to satisfy the environmental violations and that the appointment of a receiver would only frustrate their attempts to bring the subject properties into compliance.
{¶7} A magistrate conducted an oral hearing on the motion to appoint a receiver. During the hearing, Columbia East argued that the foreclosure action had not been filed with a proper title commitment because it lacked a judicial endorsement. Columbia East had previously raised the issue in a motion to dismiss the complaint, arguing that U.S. Bank failed to file the preliminary judicial report within 14 days of filing the foreclosure complaint, in violation *797 of Loc.R. 24.0(A) of the Cuyahoga County of Common Pleas, General Division.
{¶8} Although the court had earlier denied the motion, the magistrate ordered the parties to brief the issue of whether the title commitment filed in the case complied with relevant statutes; in particular, whether a judicial endorsement is mandatory and jurisdictional. Only U.S. Bank submitted additional briefing. In addition, U.S. Bank submitted a notice of filing a judicial commitment endorsement to title commitment. The court then granted the motion for a receiver without opinion.
{¶9} The Columbia East defendants first argue that the court erred as a matter of law by appointing a receiver because U.S. Bank failed to comply with Loc.R. 24.0(A) by failing to file the required title work with a judicial endorsement, thus depriving the court of subject matter jurisdiction to proceed with the action.
{¶10} Loc.R. 24.0(A) requires a party seeking foreclosure to file a preliminary judicial report: "In cases to quiet title, for partition, and for the marshaling and foreclosure of liens on real property the attorney for the plaintiff shall file with the Clerk, the original guaranteed evidence of the state of the record title to the property in question (Preliminary Judicial Report) * * *." That rule does not go to the court's subject matter jurisdiction. Home Fed. Savs. & Loans Assn. v. Keck , 2016-Ohio-651, 59 N.E.3d 706, ¶ 49 (7th Dist.) ("Inadequacies in the judicial report filed after the preliminary judicial report would not remove the case from the court's subject matter jurisdiction."); Farm Credit Servs. of Am. v. Pertuset , 4th Dist. Scioto No. 14CA3659, 2015-Ohio-3558, 2015 WL 5387730, ¶¶ 10-11, 14. In fact, Loc.R. 24.0(C) states that a "[f]ailure to comply with this rule may result in dismissal." Because dismissal for failure to file a preliminary judicial report is permissive, it is not jurisdictional.
{¶11} We also reject the argument that U.S. Bank failed to comply with R.C. 2329.191. In every action demanding the judicial sale of commercial real estate, "the party seeking that judicial sale shall file with the clerk of the court of common pleas within fourteen days after filing the pleadings requesting relief either a preliminary judicial report or a commitment for an owner's fee policy of title insurance * * *."[1] (Emphasis added.) R.C. 2329.191(C). Loc.R. 24.0(A) makes no mention of a commitment for a policy of title insurance.
{¶12} Although courts have the power to create rules of practice, those rules "shall not abridge, enlarge, or modify any substantive right." Section 5(B), Article IV, Ohio Constitution. "Thus, if a rule created pursuant to Section 5(B), Article IV conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." Proctor v. Kardassilaris , 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 17, citing Boyer v. Boyer , 46 Ohio St.2d 83, 86, 346 N.E.2d 286 (1976). In this context, a "substantive" right is " 'that body of law which creates, defines and regulates the rights of the parties.' " Id. , citing *798 Krause v. State , 31 Ohio St.2d 132, 145, 285 N.E.2d 736 (1972), overruled on other grounds , Schenkolewski v. Cleveland Metroparks Sys ., 67 Ohio St.2d 31, 426 N.E.2d 784 (1981), paragraph one of the syllabus.
{¶13} R.C. 2329.191(C) is a substantive statute. The court of common pleas cannot promulgate rules that directly conflict with the statute. R.C. 2329.191(C) thus controls and the court of common pleas cannot insist that a plaintiff seeking foreclosure on commercial real estate file a preliminary judicial report, when the statute otherwise allows the filing of a title commitment.
{¶14} The Columbia East defendants next argue that U.S. Bank failed to file a title commitment with the required judicial endorsement.
{¶15} At a minimum, a title commitment must contain the same information that is required in a preliminary judicial report. See R.C. 2329.191(C). In addition, the title commitment must contain the representation that the title commitment "shall not expire until thirty days after the recordation of the deed by the officer who makes the sale to that purchaser." R.C. 2329.191(C). The parties refer to this obligation as a "judicial endorsement." The Columbia East defendants maintain that U.S. Bank's title commitment did not contain this information, so the trial court lacked subject matter jurisdiction to proceed with the foreclosure.
{¶16} "Subject matter" jurisdiction is, broadly speaking, the power to "entertain and adjudicate a particular class of cases." Bank of Am., N.A. v. Kuchta , 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. There is no question that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." Id. at ¶ 20. What the Columbia defendants argue is that a defect in the title commitment deprived the court of subject matter jurisdiction. It is well-settled, however, that "[i]nadequacies in the judicial report filed after the preliminary judicial report would not remove the case from the court's subject matter jurisdiction." Keck , 2016-Ohio-651, 59 N.E.3d 706, at ¶ 49, citing Pertuset , 4th Dist. No. 14CA3659, 2015-Ohio-3558, at ¶ 10-11, 14. The court had subject matter jurisdiction over the foreclosure. To the extent that there are any alleged deficiencies in U.S. Bank's title commitment, we agree with U.S. Bank that a defective title commitment affects only the foreclosure claim. The narrow subject of this appeal - whether the court erred by appointing a receiver - means that any question about the actual content of the title commitment (apart from it depriving the court of subject matter jurisdiction), is not a part of this appeal.
{¶17} The Columbia East defendants next argue that the court erred when it appointed a receiver over the wastewater treatment plant because that facility is not encumbered by the mortgage that is the subject of the foreclosure. U.S. Bank does not deny that the wastewater treatment plant is not encumbered by the mortgage, but maintains that the wastewater treatment plant has become so integrated with the mortgaged property that it is now a "fixture" that cannot be severed from the real property under mortgage.
{¶18} Article 1.1 of the mortgage defines the "mortgaged property" in part as:
(a) the real property described in Exhibit A , together with any greater estate therein as hereafter may be acquired by Mortgagor (the "Land "), (b) all buildings, structures and other improvements, now or at any time situated, placed or constructed upon the Land (the "Improvements "), (c) all materials, supplies, equipment, apparatus and other *799 items of personal property now owned or hereafter acquired by Mortgagor and now or hereafter attached to, installed in or used in connection with any of the Improvements or the Land, and water, gas, electrical, storm and sanitary sewer facilities and all other utilities whether or not situated in easements (the "Fixtures "), * * *.
(Emphasis sic.)
{¶19} Article 4.1(c) of the mortgage further stated that in the event of a default on the loan agreement, U.S. Bank had the right to enter the mortgaged property and "manage, operate or otherwise use the Mortgaged Property upon such terms and conditions as Mortgagee may deem reasonable under the circumstances (making such repairs, alterations, additions and improvements and taking other actions, from time to time, as Mortgagee deems necessary or desirable) * * *."
{¶20} A "fixture" is "an article which was a chattel, but which by being physically annexed or affixed to the realty, became accessory to it and part and parcel of it." Teaff v. Hewitt , 1 Ohio St. 511, 527 (1853). In more recent times, however, the concept of physical annexation of a chattel to property has been supplanted by other considerations. Perez Bar & Grill v. Schneider , 9th Dist. Lorain No. 11CA010076, 2012-Ohio-5820, 2012 WL 6105324, ¶ 17. Currently, when determining whether a chattel is a fixture, the court must take into account
such facts as the nature of the property; the manner in which it is annexed to the realty; the purpose for which the annexation is made; the intention the annexing party to make the property a part of the realty; the degree of difficulty and extent of any loss involved in removing the property from the realty; and the damage to the severed property which such removal would cause.
Masheter v. Boehm , 37 Ohio St.2d 68, 71, 307 N.E.2d 533 (1974).
{¶21} U.S. Bank claims, without contradiction, that the wastewater treatment plant, located on the mortgaged property, provides drinking water and sanitary sewer service to more than 1,000 residents of the Columbia Park mobile home facility. In addition, the Columbia East defendants conceded in their brief in opposition to the appointment of a receiver that "the environmental conditions at the subject properties are serious and need to be remedied in order to protect the health and safety of the residents." U.S. Bank claims that remediation will cost as much as $4.5 million.
{¶22} These facts show that the wastewater treatment plant exists solely to serve the Columbia Park facility. Not only are the wastewater treatment plant facilities permanently affixed to the mortgaged property (there is no claim that they can be moved or transported), they are integral to the mortgaged property because they provide the sole source of sanitary sewer services to the residents. With no other sewer services readily available as an option to the residents, we conclude that the wastewater treatment plant cannot be considered separate and apart from the mortgaged property, at least not for purposes of appointing a receiver. The ongoing environmental violations have directly affected the value of the mortgaged property such that the receiver would have to manage the remediation efforts in order to protect the value of the mortgaged property.
{¶23} Finally, the Columbia East defendants maintain that the appointment of a receiver stymied their efforts to sell the mortgaged property because a potential buyer withdrew a letter of intent to purchase the property.
{¶24} Regardless of whether the appointment of a receiver caused a sale of *800 the property to fall through, the fact remains that Columbia East consented to the appointment of a receiver. Article 4.1(e) of the mortgage allows the mortgagee, in the event of a default on the loan agreement, to apply "as a matter of strict right and without notice to Mortgagor" for the appointment of a receiver, the appointment of which the mortgagor "irrevocably consents." Having given that consent, the Columbia East defendants cannot complain that the court erred by appointing a receiver.
{¶25} In any event, it is unclear that it was the appointment of a receiver that caused the potential buyer to pull out of a sale. At the same time, Columbia East and Columbia West were engaged in litigation over ownership of the mortgaged properties. During a hearing held on the motion to appoint a receiver, U.S. Bank referenced the pending litigation and claimed that there was no assurance that the deal would close because "[t]hey are still in litigation over who has title and who is doing what." One of the principals of Columbia MHC East tacitly verified that claim, telling the court that the sale to the potential buyer would close only with the cooperation of Columbia West. The case between Columbia East and Columbia West was ongoing, so we have no basis to conclude that a sale of the mortgaged property fell through as a direct consequence of the appointment of a receiver as opposed to the ongoing dispute between the Columbia entities over their respective ownership interests.
{¶26} Judgment affirmed.
TIM McCORMACK, P.J., and PATRICIA ANN BLACKMON, J., CONCUR

A preliminary judicial report is a document that lists the name of the record owner of real property, a legal description of the parcel of land, and a listing of all interests in the property that appear of record. See R.C. 2329.191(B). In lieu of a preliminary judicial report, a party may file a title commitment. A title commitment is "a promise to insure a particular state of title." First Midwest Bank, N.A. v. Stewart Title Guar. Co. , 218 Ill.2d 326, 340-341, 300 Ill.Dec. 69, 843 N.E.2d 327 (2006).