**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0510n.06

Case No. 19-3748

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 01, 2020
DEBORAH S. HUNT, Clerk

COLUMBIA MHC EAST, LLC, et al., )
)
    Plaintiffs-Appellants, )
)
v. )
)
MELODY STEWART, et al., )
)
    Defendants-Appellees. )
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

**AMENDED OPINION**

BEFORE: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. We issue this amendment to our original opinion in this appeal filed on May 29, 2020. To briefly recap, owners of a wastewater treatment plant (WWTP)—Columbia MHC East, LLC (Columbia East), its manager (Kenneth Burnham), and Columbia Park Water & Sewer System (CPWSS, "a d/b/a of" Columbia East) (collectively, Plaintiffs)—unsuccessfully opposed a motion brought by U.S. Bank National Association (U.S. Bank) in this appeal to appoint a receiver for WWTP. *U.S. Bank Nat'l Ass'n v. Columbia Park E. MHP, L.L.C.*, 128 N.E.3d 793, 795–96, 798 (Ohio Ct. App. 2018); *U.S. Bank Nat'l Ass'n v. Columbia Park E. MHP, LLC*, No. CV-17-887110 (Ohio Ct. Com. Pl. Mar. 1, 2018) (Receivership Order), *aff'd*, 128 N.E.3d 793. After the state issued the Receivership Order, Columbia East also submitted a rate increase application to the Public Utilities Commission of Ohio (PUCO)—the state agency that regulates CPWSS's activities. But given the state court's order, PUCO granted a motion filed by U.S. Bank and Shapiro to intervene in the ongoing regulatory action. PUCO

then dismissed the pending rate increase applications on a motion filed by U.S. Bank and Shapiro. And Columbia East petitioned the Ohio Supreme Court to review that decision but ultimately applied to dismiss that petition. *See In re Columbia MHC E., L.L.C.*, 137 N.E.3d 111 (Ohio 2019) (table) (granting the application to dismiss that petition).

So in federal court, Plaintiffs sued U.S. Bank, the receiver appointed by the state court (M. Shapiro Real Estate Group Ohio, LLC or Shapiro), the judges that issued the Receivership Order (Justice Melody J. Stewart, Judge Tim McCormack, and Judge Patricia Ann Blackmon) in their official capacities, and PUCO. Plaintiffs asked only for declaratory judgment and injunctive relief. They asked the district court to enter judgment (1) declaring that defendants' "acts . . . violat[ed] [] Plaintiffs' constitutional rights to compensation for property taken[,]" (2) "declaring that the decision of the Ohio Court of Appeals is unconstitutional on its face and deprived Plaintiffs of their [rights under the] 5[th] and 14[th] Amendments . . . [because the decision] denied Plaintiffs just compensation for property taken[,]" (3) declaring PUCO's actions unconstitutional because they "violated Plaintiffs' rights to due process under the 5[th] and 14[th] Amendments[,]" (4) declaring PUCO's decision to dismiss Plaintiffs' ratemaking application unconstitutional, and (5) declaring U.S. Bank and Shapiro "conspired to deprive Plaintiffs of their [constitutional] rights[.]" (R. 1, Compl., PageID 16–17.) They also asked the court to "[i]ssue a preliminary and permanent injunction enjoining [U.S.] Bank and [Shapiro] . . . from disposing [WWTP] . . . until just compensation to the Plaintiffs has been paid[.]" (*Id.* at 17.) Plaintiffs explained to the court that, without the injunction, "[n]o other remedy is adequate or complete" to reach the Plaintiffs' goal: "to prevent the immediate sale of" WWTP. (*Id.*; *see also id.* at 15–16 (discussing the significance of the suit's outcome given U.S. Bank and Shapiro's intention to sell WWTP).)

The district court dismissed Plaintiffs' claims against the state judges on judicial immunity. Without further analysis, the court also found that "Plaintiffs do not have a cognizable claim" and sua sponte dismissed the action—including the claims Plaintiffs raised against the nonjudicial defendants—with prejudice. (R. 4, Op. & Order, PageID 46.) Plaintiffs appealed.

After they filed their appeal, however, Plaintiffs moved this court to dismiss the private-party Defendants because, in their words, as part of a settlement, they "ha[d] agreed to an Agreed Order Approving Sale of the Receivership Property," thereby resolving the case for those defendants. (A.R. 31, Mot., 2 (emphasis omitted).) We granted that motion. In response, the remaining Defendants moved to dismiss the case because, they argued, without the private parties the case was moot. This panel agreed, and we dismissed the case for lack of jurisdiction. *Columbia MHC E., LLC v. Stewart*, --- F. App'x ---, 2020 WL 2787697 (6th Cir. May 29, 2020).

Plaintiffs now contend, however, that we erred when we dismissed their appeal. They allege that we based our decision on erroneous facts—that there never was any agreement, only "an unaccepted offer" for a settlement agreement or an "unaccepted agreement to sell" WWTP. (A.R. 48, Pet., 5 (emphasis omitted).) They explain that the signatories "never executed" the agreement to sell the property and that "the deadline for sale has come and gone." (*Id.* at 7.) Plaintiffs do not say that the state courts have vacated the Agreed Order but given the events after our decision, Plaintiffs assert that "[t]he agreement is null and void and no longer exists." (*Id.*)

But the Agreed Order remains on the docket in the state court. And, importantly, nothing that Plaintiffs say here changes the fact that we dismissed the private parties with prejudice, prompted by Plaintiffs' request. So we again DISMISS for lack of jurisdiction.

**I.**

Plaintiffs find themselves in this predicament because of their own representations. Before our first decision to dismiss the case, *Plaintiffs* moved this court to dismiss Shapiro and U.S. Bank with prejudice because, they explained, "Plaintiffs[] have agreed to an Agreed Order Approving Sale of the Receivership Property" (WWTP). (A.R. 31, Mot., 1–2 (emphasis omitted).) Based on those representations, the remaining Defendants moved to dismiss the case for lack of jurisdiction. In that motion, filed in mid-January 2020, those Defendants explained that the Plaintiffs "announced their settlement of the underlying dispute at issue here" and their "agreement to the sale of th[e] contested receivership property, including the waste water treatment plant." (A.R. 39, Mot., 3–5.) Rather than dispute the agreement to sell WWTP, Plaintiffs responded only that "the referenced settlement did not extinguish this Court's jurisdiction[.]" (A.R. 40, Resp., 3.) Quoting directly from the agreement, Plaintiffs explained to this court that "the settlement agreement explicitly and specifically states" that the appeal "w[ould] remain pending against" the remaining defendants. (*Id.* at 4 (emphasis omitted); *id.* at 9.) So Plaintiffs argued that while they "did indeed voluntarily dismiss the claims against" U.S. Bank and Shapiro "as agreed[,]" Plaintiffs "retained their [] claims against" the remaining defendants. (*Id.* at 5 (emphasis added); *see also id.* at 9 (explaining that the Plaintiffs "have not divested this court's jurisdiction *because of the settlement*" (emphasis added)).) We dismissed the appeal for lack of jurisdiction in late May 2020—about four months after the parties disputed the effect of the agreement to sell WWTP.

During those four months, not once did Plaintiffs tell this panel that the sale never went through. Nor did they make this argument, even after March 2020 when, they allege, "[t]he Bank, as mortgagee, refused to accept the agreement as written and no bid was submitted for the minimum amount at auction[.]" (A.R. 48, Pet., 4) Only in June 2020—five months after the

parties' initial motions discussing the agreement's effects, three months after the Bank allegedly refused to accept the agreement, and after we released our opinion—did Plaintiffs suggest that the agreement was only an unaccepted proposal to sell WWTP. On that representation, Plaintiffs argue that we erroneously dismissed their appeal as moot.

But we dismissed Shapiro and U.S. Bank with prejudice per Plaintiffs' request, not upon a contingency of a valid settlement agreement. This remains true regardless of any dispute about the execution of any underlying settlement agreement. If Plaintiffs now argue that they never executed a settlement agreement, we note there *is* an agreed order for the sale that remains on the docket of the Common Pleas Court in Cuyahoga County. *See Agreed Order Approving Sale of the Receivership Property* (Jan. 10, 2020).[1] And in any event, we also will not allow Plaintiffs to denounce the very agreement on which they had relied. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (noting that judicial estoppel applies when a party successfully "assumes a certain position in a legal proceeding" and "may not thereafter, simply because his interests have changed, assume a contrary position," particularly if it would prejudice the other party).

It appears that Plantiffs' real grievance concerns noncompliance with the settlement agreement. But this is not the proper forum for that. *See RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78, 381 (1994)) (noting that federal courts do not have "inherent power to vindicate their own authority where parties enter into a voluntary agreement resolving their federal lawsuit" unless the court retained jurisdiction or incorporated the terms of the settlement agreement into the

---

[1] The agreed order can be found on the docket for the Cuyahoga County Court of Common Pleas here: https://cpdocket.cp.cuyahogacounty.us/CV_CaseInformation_Docket.aspx?q=NxtTDdrRK-IpbH-veiou4w2

order). This Court dismissed based on Plaintiffs' representations, not based on the terms of the settlement agreement.

## II.

Plaintiffs' appeal remains moot. Plaintiffs' request for dismissal caused us to dismiss the private parties with prejudice, and, as we noted in our original opinion, all remaining matters became moot after that dismissal. Because that has not changed, we DISMISS for lack of jurisdiction.