NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0038n.06

No. 23-5383

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 26, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| IN RE: SEVEN COUNTIES SERVICES, INC., | ) | |
| Debtor. | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
|  | ) | |
| KENTUCKY EMPLOYEES RETIREMENT | ) | ON APPEAL FROM THE UNITED |
| SYSTEM, | ) | STATES DISTRICT COURT FOR THE |
|  | ) | WESTERN DISTRICT OF KENTUCKY \| |
| Plaintiff-Appellant, | ) | UNITED STATES BANKRUPTCY |
|  | ) | COURT FOR THE WESTERN DISTRICT |
| v. | ) | OF KENTUCKY |
|  | ) | |
| SEVEN COUNTIES SERVICES, INC., | ) | OPINION |
| Defendant-Appellee. | ) | |
|  | ) | |

Before: COLE, McKEAGUE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Appellant Kentucky Employees Retirement Systems appeals the denial of its petition for leave to appeal and the dismissal of its appeal from the March 2, 2022 decision of the bankruptcy court. The district court deemed the decision unappealable and dismissed the case. We also **DISMISS** the appeal.

This is the latest appeal in a complex and enduring controversy; however, for present purposes, a brief recitation of the relevant facts will suffice. Based on the Kentucky Supreme Court's August 29, 2019 decision on a certified question from this court, we held that Seven Counties Services, Inc., (Seven Counties) was required to pay into the Kentucky Employees Retirement Systems (KERS). *Ky. Emps. Ret. Sys. v. Seven Counties Servs., Inc.*, 823 F. App'x 300, 301–03, 306 (6th Cir. 2020). We remanded the case to the bankruptcy court for proceedings

consistent with our opinion, which was founded on the Kentucky Supreme Court's determination of Seven Counties' statutory obligation. *Id.* At the bankruptcy court, the parties ultimately stipulated the amount owed, but the parties reserved some issues for future resolution in the adversary proceeding. The bankruptcy court adopted the stipulated amount, but cited the issues reserved by the stipulation as well as other necessary determinations—such as the amount of interest to be paid on the stipulated amount—as still outstanding. Accordingly, the court entered an order that did not require Seven Counties to pay the stipulated amount immediately. KERS appealed that order and, in the alternative, moved the district court for leave to appeal, requesting in either instance that the district court order Seven Counties to pay the stipulated amount.

Holding that the order of the bankruptcy court was not final, the district court dismissed the appeal for lack of jurisdiction and denied the motion for leave to appeal. The district court further found that the interlocutory order of the bankruptcy court did not warrant leave to appeal, primarily because the district court rightly characterized our July 2020 opinion as containing a general remand about which parties could not reasonably dispute. KERS appeals the district court's order to this court, and requests that we not only find jurisdiction to hear the case, but also that we rule on the substance of the underlying bankruptcy court decision and compel payment of the stipulated amount.

As with the district court, our jurisdiction to entertain the instant appeal depends upon the finality of the bankruptcy court's order. *See* 28 U.S.C. §§ 158(d)(1), 1291; *In re Oakes*, 917 F.3d 523, 527–28 (6th Cir. 2019). That issue was correctly resolved by the district court below. We agree that the bankruptcy court's order was not final, and its disposition of the case did not warrant leave to appeal. The reasons undergirding that determination "have been ably articulated by the district court, [and] the issuance of a full written opinion by this court would be duplicative and

would serve no useful purpose." *Eller Media Co. v. City of Cleveland*, 326 F.3d 720, 721 (6th Cir. 2003) (mem.).  As the district court found and we have explained above, several issues remain outstanding for the bankruptcy court to resolve.  We have no jurisdiction to answer those questions. Accordingly, we **DISMISS** the appeal for lack of jurisdiction. The dismissal of this appeal returns the case to the bankruptcy court for expeditious resolution of the remaining issues.