NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0319n.06

No. 23-3950

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KENNETH BURNHAM; COLUMBIA PARK WATER AND SEWER SYSTEM, | ) ) ) ) | **FILED**<br>Jul 23, 2024<br>KELLY L. STEPHENS, Clerk |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| PUBLIC UTILITIES COMMISSION OF OHIO; JENIFER ANN FRENCH, in her official capacity; STATE OF OHIO, | ) ) ) ) | OPINION |
| Defendants-Appellees. | ) ) | |

Before: STRANCH, BUSH, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Appellants Kenneth Burnham and Columbia Park Water & Sewer System (CPWSS) appeal the district court's 2023 order dismissing with prejudice their complaint alleging a taking of property. We **AFFIRM** the district court.

This suit is the Appellants' latest effort in a string of cases seeking relief on the same operative facts.[1] For present purposes, we briefly recite that background.[2] After CPWSS, managed by Burnham, entered a loan agreement assigned to U.S. Bank, CPWSS defaulted.

---

[1] *See, e.g., U.S. Bank Nat'l Ass'n v. Columbia Park E. MHP, LLC*, 128 N.E.3d 793, 795-97 (Ohio Ct. App. 2018); *Columbia Park E. MHP, LLC v. U.S. Bank Nat'l Ass'n*, No. 1:18-CV-1086, 2018 WL 3842049, at *1 (N.D. Ohio Aug. 13, 2018); *Columbia MHC E., LLC v. Stewart*, No. 1:19-CV-01613, 2019 U.S. Dist. Lexis 119057 (N.D. Ohio July 17, 2019)*; Columbia Park E., MHP, LLC v. U.S. Bank Nat'l Ass'n*, 766 F. App'x 271, 272 (6th Cir. 2019); *Columbia MHC E., LLC v. Stewart*, 826 F. App'x 443, 445 (6th Cir. 2020). Due to the repetition of party names and issues among cases, attention to reporter citations is recommended for clarity.

[2] Because the complaint below sparsely explains this background, instead citing a related case from which we must infer factual underpinnings of the claim, we rely upon the district court's order below as well as our court's prior orders related to this matter.

No. 23-3950, *Burnham, et al. v. Pub. Utils. Comm'n of Ohio, et al.*

*See Burnham v. Pub. Utils. Comm'n of Ohio*, No. 1:23-CV-484, 2023 WL 7048693, at \*1 (N.D. Ohio Oct. 26, 2023).

In the subsequent foreclosure, the mortgaged properties held by CPWSS were ordered into receivership. *Columbia Park E. MHP, LLC v. U.S. Bank Nat'l Ass'n*, 766 F. App'x 271, 272 (6th Cir. 2019). CPWSS contested the receivership and unsuccessfully appealed the decision, including to the Ohio Supreme Court. *U.S. Bank Nat'l Ass'n v. Columbia Park E. MHP, LLC*, 128 N.E.3d 793, 800 (Ohio Ct. App. 2018), *appeal denied*, *U.S. Bank Nat'l Ass'n v. Columbia Park E. MHP, LLC*, 120 N.E.3d 868 (Ohio 2019). While in receivership, CPWSS asked the Public Utilities Commission of Ohio (PUCO) for a rate increase, which PUCO dismissed after U.S. Bank intervened in that regulatory action. *Columbia MHC E., LLC v. Stewart*, 826 F. App'x 443, 445 (6th Cir. 2020). After initially appealing the dismissal to the Ohio Supreme Court, CPWSS changed course by voluntarily dismissing the appeal, *id.*, but maintained two suits in federal court against PUCO, U.S. Bank, Ohio state court judges, and other parties related to its receivership.

In the first federal case, Appellants alleged "fraudulent misrepresentation, unfair and deceptive trade practices," along with a racketeering claim. *Columbia Park E. MHP, LLC v. U.S. Bank Nat'l Ass'n*, No. 1:18-CV-1086, 2018 WL 3842049, at \*1 (N.D. Ohio Aug. 13, 2018), *aff'd*, 766 F. App'x 271 (6th Cir. 2019). In the second case, Burnham and CPWSS complained that the Defendants violated their "constitutional rights to compensation for property taken," and their "rights to due process under the 5th and 14th Amendments." *Columbia MHC E., LLC*, 826 F. App'x at 445 (brackets and internal citations omitted). Appellants were unsuccessful in these suits and their subsequent appeals. *See id.* at 446-47; *Columbia Park E. MHP*, 766 F. App'x at 272.

Here, for the first time, Appellants name Jenifer French, Chairman of PUCO, as a defendant, and add reference to section 163 of the Ohio Revised Code, but make essentially the

same claim as was raised in their prior suits: that the Defendants "engaged in a definitional taking of the Plaintiffs' property and substantially decreased the value of Plaintiffs' property." R. 1, Compl., PageID 5. Defendants filed motions to dismiss, and CPWSS and Burnham opposed. Holding that CPWSS and Burnham's claims were barred by sovereign immunity and res judicata, and that their complaint failed to state grounds upon which relief could be granted, the district court dismissed the case with prejudice. CPWSS and Burnham appeal the district court's order to this court.

As the district court correctly held, Appellants' complaint suffers multiple defects. We agree that the Appellants' case before us warrants dismissal on each of the three grounds relied upon by the district court—sovereign immunity, res judicata, and failure to state a claim. The reasons underlying the district court's determination "have been ably articulated by the district court, [and] the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose." *Eller Media Co. v. City of Cleveland*, 326 F.3d 720, 721 (6th Cir. 2003) (mem.) (per curiam). Accordingly, we **AFFIRM** the district court.