[Cite as *State v. McIntosh*, 2020-Ohio-2960.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| | : | |
| | : | |
| STATE OF OHIO | : | Appellate Case No. 28539 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2019-CR-2104/1 |
| | : | |
| v. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| CATHEY SARAH LEE MCINTOSH | : | |
| | : | |
| Defendant-Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of May, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, 75 North Pioneer Boulevard, Franklin, Ohio 45005
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Cathey Sarah Lee McIntosh appeals from her conviction for escape. She argues that the guilty plea she entered to the offense was not knowing, intelligent, and voluntary, because the trial court failed to advise her of the consecutive-sentence requirement under R.C. 2929.14(C)(2). Because that statutory requirement did not apply in this case, McIntosh has not demonstrated prejudice, and we affirm the trial court's judgment.

{¶ 2} In 2019, McIntosh was participating in intervention in lieu of conviction (ILC) in two criminal cases. As part of her intervention plan, the trial court had ordered her to complete the Secure Transitional Offender Program (STOP), a residential program. McIntosh entered the program but soon left the STOP facility without authorization.

{¶ 3} In July 2019, McIntosh was indicted on a charge of escape under R.C. 2921.34(A)(1). A hearing was held on the two ILC cases and the new case. McIntosh entered a plea of guilty to the escape offense. During the plea colloquy, the trial court told her that, by pleading guilty, she would also be admitting that she had violated her intervention plan and that the violation could bring other sanctions, which could include a prison term. McIntosh said that she understood. The court accepted her plea and found that the plea established a violation of ILC. The court revoked ILC and scheduled another hearing to dispose of the ILC cases and impose sentence for the escape charge. At that hearing, the trial court terminated the two ILC cases as unsuccessful and sentenced McIntosh on the escape charge to 36 months in prison.

{¶ 4} McIntosh appeals.

{¶ 5} Her sole assignment of error alleges:

THE DEFENDANT DID NOT ENTER A KNOWING, INTELLIGENT AND VOLUNTARY GUILTY PLEA DUE TO THE TRIAL COURT'S FAILURE TO CORRECTLY STATE THE POTENTIAL FOR CONSECUTIVE SENTENCES.

McIntosh argues that her plea was not knowing, intelligent, and voluntary, because the trial court failed to advise her that R.C. 2929.14(C)(2) requires any prison term imposed for the escape charge to be served consecutively to any prison term imposed for the ILC violation.

{¶ 6} R.C. 2929.14(C)(2) pertinently states that if an offender commits the offense of escape under R.C. 2921.34(A)(1), "any prison term imposed upon the offender * * * shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender."

{¶ 7} McIntosh is correct that during the plea colloquy the trial court did not inform her about the possibility of consecutive sentences. But at the sentencing hearing the court did acknowledge that a consecutive sentence was required, and the court approached its disposition of McIntosh's cases accordingly. The court stated:

> So what I'm going to do. Because the escape charge carries mandatory consecutive sentencing—so one way for me to address that is I'm just going to terminate the old [ILC] cases for Ms. McIntosh. So 18-CR-2291 that case will just be terminated as not being successful on supervision and 18-CR-3384, * * * I'm going to terminate that case as well.
>
> And then proceed to impose sentence in 19-CR-2104 * * *. And in

considering the purposes and principles of sentencing and the seriousness and recidivism factors in the Revised Code, on the Felony 3 charge of escape, the Court is going to sentence Ms. McIntosh to serve 36 months of imprisonment in the State of Ohio prison system.

(Tr. 14.)

{¶ 8} The trial court terminated the two ILC cases—without imposing sentence for the charges in those cases—and imposed a prison term for the escape charge only. As such, under the circumstances of this case, R.C. 2929.14(C)(2) did not apply. Even if McIntosh should have been told about the statutory consecutive-sentence requirement, the trial court, by terminating the ILC cases without sentence, vitiated any harm to her. On this record, McIntosh cannot reasonably argue that she would not have pleaded guilty if the court had told her about the inapplicable consecutive-sentence requirement. Indeed, she never says in her brief that she would not have pleaded guilty had she known about it. We conclude that McIntosh has not demonstrated prejudice in entering her plea.

{¶ 9} The sole assignment of error is overruled.

{¶ 10} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck Jr.
Jamie J. Rizzo
Marshall G. Lachman
Hon. Mary L. Wiseman