[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nyamusevya v. Hawkins*, Slip Opinion No. 2021-Ohio-1122.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1122

THE STATE EX REL. NYAMUSEVYA, APPELLANT, *v*. HAWKINS, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nyamusevya v. Hawkins*, Slip Opinion No. 2021-Ohio-1122.]

*Mandamus—Prohibition—Relator not entitled to relief in mandamus when trial court has already disposed of motions relator seeks to compel the trial court to rule on—Relator not entitled to writ of prohibition when trial court did not patently and unambiguously lack subject-matter jurisdiction over foreclosure action—Court of appeals' judgment dismissing petition affirmed.*

(No. 2020-0728—Submitted January 26, 2021—Decided April 6, 2021.)

APPEAL from the Court of Appeals for Franklin County,
No. 19AP-199, 2020-Ohio-2690.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Leonard Nyamusevya, appeals the decision of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus and a writ of prohibition against Franklin County Court of Common Pleas Judge Daniel R. Hawkins. Judge Hawkins is the successor to judges who presided over a foreclosure action in which judgment was entered against Nyamusevya. Through mandamus, Nyamusevya sought to compel Judge Hawkins to rule on certain motions, and through prohibition, he sought to prevent Judge Hawkins from "further prosecuting" the foreclosure action—thereby invalidating the underlying judgment of foreclosure. The Tenth District dismissed the cause for failure to state a claim upon which relief can be granted. We affirm.

## I. FACTUAL BACKGROUND

### A. Course of proceedings in the foreclosure action

**{¶ 2}** In 2010, CitiMortgage, Inc., brought a foreclosure action against Nyamusevya. In 2013, the trial court granted summary judgment to CitiMortgage. On appeal, the Tenth District affirmed the trial court's finding that CitiMortgage had standing to maintain the action but reversed in part, holding that there was an issue of material fact concerning the amount Nyamusevya owed. *CitiMortgage, Inc. v. Nyamusevya*, 2016-Ohio-5588, 69 N.E.3d 1264, ¶ 24, 27-32 (10th Dist.) ("*CitiMortgage I*"). The court remanded for a trial on the amount owed. *Id*. at ¶ 38. We did not accept Nyamusevya's discretionary appeal of the Tenth District's judgment regarding standing. *CitiMortgage I*, 149 Ohio St.3d 1407, 2017-Ohio-2822, 74 N.E.3d 465.

**{¶ 3}** After *CitiMortgage I*, Nyamusevya continued to argue that CitiMortgage lacked standing, and he actively litigated in an effort to postpone or prevent a trial on the amount he owed. His efforts included motions in the foreclosure case and an appeal of an interlocutory trial-court order that was dismissed by the court of appeals. *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. Franklin No. 18AP-148 (Mar. 14, 2018), *appeal not accepted*, 153 Ohio St.3d 1433,

2018-Ohio-2639, 101 N.E.3d 464. Additionally, Nyamusevya filed an original action in mandamus and prohibition in this court, which we dismissed. *State ex rel. Nyamusevya v. Schneider*, 154 Ohio St.3d 1475, 2019-Ohio-169, 114 N.E.3d 1203.

**{¶ 4}** In November 2018, the trial court held the damages trial. *See CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. Franklin No. 18AP-949, 2020-Ohio-5024, ¶ 10-12 ("*CitiMortgage II*"). Nyamusevya appeared at the trial, asserted that the court lacked the judicial power to conduct the trial, and walked out—with the result being that the court entered a judgment on directed verdict in the full amount owed as claimed by CitiMortgage. *Id.* at ¶ 10-12, 14.

**{¶ 5}** Nyamusevya filed a notice of appeal in December 2018, and the Tenth District affirmed the trial court's judgment in October 2020. *Id.* at ¶ 29. In its decision, the Tenth District confirmed that CitiMortgage had standing and stated that the matter was "not up for review again." *Id*. at ¶ 22. The court of appeals also confirmed that it had previously remanded "for the sole purpose" of determining the amount that Nyamusevya owed CitiMortgage, *id*., and it concluded that the trial court properly applied the law, *id*. at ¶ 27.

**{¶ 6}** Meanwhile, following the trial court's November 2018 foreclosure judgment, Nyamusevya also filed postjudgment motions in that case, requested a stay of the trial court's judgment from the court of appeals, and filed for bankruptcy, preventing the sale of his property.

### B. Course of proceedings in this case

**{¶ 7}** Nyamusevya filed the present action in the Tenth District in April 2019, and Judge Hawkins filed a motion to dismiss in May 2019, asserting that Nyamusevya had failed to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). The court of appeals assigned the case to a magistrate, who stayed the action until a discharge was entered in Nyamusevya's bankruptcy case in November 2019. 2020-Ohio-2690 at ¶ 26-27.

{¶ 8} In January 2020, the magistrate recommended dismissal of the mandamus claim because Nyamusevya's motions in the foreclosure action had already been ruled on explicitly or were implicitly overruled by the trial court's entering final judgment in the foreclosure action. *Id*. at ¶ 34. The magistrate also recommended dismissal of the prohibition claim on the ground that the court of appeals had already ruled on the issue of the trial court's jurisdiction when it overruled Nyamusevya's standing argument in *CitiMortgage I*. *Id*. at ¶ 35-37. After overruling Nyamusevya's objections to the magistrate's recommendation, *id*. at ¶ 5-8, the Tenth District adopted the magistrate's decision and dismissed the action in April 2020. *Id*. at ¶ 10-12. Nyamusevya appealed as of right.

## II. ANALYSIS

### A. Nyamusevya's propositions of law

{¶ 9} Nyamusevya advances his arguments under three headings. He first urges that denial of relief would prejudice him because the court of appeals has not yet ruled on his appeal from the final judgment in the foreclosure action. That point is moot, however, because the court of appeals issued its decision on October 22, 2020, *see CitiMortgage II*, 2020-Ohio-5024, after briefing was completed in this appeal. His remaining arguments focus primarily on alleged defects in the foreclosure case that he claims deprived the trial court of jurisdiction to proceed.

### B. The mandamus claim fails because the trial court ruled on Nyamusevya's motions

{¶ 10} To demonstrate entitlement to a writ of mandamus, Nyamusevya must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Hawkins to grant that relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable

4

inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We review de novo a decision of the court of appeals granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 11} We have recognized that "mandamus (or procedendo) may lie when a defendant files a motion and the trial court fails or refuses to rule on the motion at all." *State ex rel. Simmons v. Breaux*, 160 Ohio St.3d 223, 2020-Ohio-3251, 155 N.E.3d 857, ¶ 11. However, " '[n]either procedendo nor mandamus will compel the performance of a duty that has already been performed.' " *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, 151 N.E.3d 625, ¶ 6, quoting *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998).

{¶ 12} The magistrate and the court of appeals relied primarily on the principle that when a trial court enters judgment without having explicitly ruled on pending motions, those motions are presumed to have been implicitly overruled. 2020-Ohio-2690 at ¶ 4, 34. *See State ex rel. Dobson v. Handwork*, 159 Ohio St.3d 442, 2020-Ohio-1069, 151 N.E.3d 613, ¶ 18. But this doctrine is not completely dispositive of Nyamusevya's mandamus claim, because his writ complaint refers to a motion (and addenda to that motion) filed in late March and early April 2019— *after* the trial court entered final judgment in the foreclosure case in November 2018.

{¶ 13} "When entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 18. Here the trial court's docket in the foreclosure case shows that it has already ruled on the motion Nyamusevya attached to his amended writ complaint. That motion and its

addenda sought to withdraw the property from the sheriff's foreclosure sale, which at the time was scheduled for May 3, 2019. The docket shows that the trial court denied Nyamusevya's March 27, 2019 motion to withdraw the property from the foreclosure sale on April 18, 2019.[1] Accordingly, the trial court left the May 3, 2019 sale date in force. Because the trial court has already ruled on Nyamusevya's motion and its addenda, the mandamus claim was moot, and the court of appeals properly dismissed it.

### C. The prohibition claim fails because Nyamusevya had an adequate remedy through defense of the foreclosure action and appeal

{¶ 14} To demonstrate entitlement to a writ of prohibition preventing Judge Hawkins from "further prosecuting" the foreclosure case, Nyamusevya must show that (1) the trial judge exercised judicial power, (2) the exercise of judicial power by entering judgment in the foreclosure case was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 16. "Dismissal of [a] prohibition complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary writ of prohibition." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

{¶ 15} The court of appeals predicated its dismissal primarily on the fact that it had already ruled—in *CitiMortgage I*, 2016-Ohio-5588, 69 N.E.3d 1264, at

---

1. We also note that Nyamusevya filed additional postjudgment motions in the trial court after he filed his amended writ complaint in this case on April 8, 2019. Obviously the trial court had no duty to rule on motions that Nyamusevya had not yet filed as of the time he filed his writ complaint. Accordingly, the complaint either does not encompass those later-filed motions or fails to state a claim for relief with respect to them.

¶ 23-24—that CitiMortgage had standing to maintain the foreclosure action against Nyamusevya. 2020-Ohio-2960 at ¶ 12, 18, 37. In effect, the court of appeals dismissed the prohibition claim on res judicata grounds. But res judicata is not a proper basis for dismissal for failure to state a claim. *Neguse*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, at ¶ 10. Nonetheless, "this court will not reverse a correct judgment merely because erroneous reasons were given for it." *Id*. And here, we affirm the dismissal of the prohibition claim on alternative grounds.

{¶ 16} Prohibition will generally lie only for an absence of subject-matter jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). And "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20.

{¶ 17} In his brief to this court, Nyamusevya alleges two reasons why the trial court lacked authority to enter the foreclosure judgment against him: (1) the "preliminary judicial report" required by R.C. 2329.191 refers to the wrong mortgage instrument and (2) the "final judicial report," also required by R.C. 2329.191, was not filed. Nyamusevya also appears to reiterate his previously argued—and rejected—challenge to CitiMortgage's standing. But because none of the alleged defects affects the subject-matter jurisdiction of the trial court, prohibition does not lie here.

{¶ 18} With respect to a plaintiff's standing to maintain a foreclosure action, "lack of standing does not affect the subject-matter jurisdiction of the court." *Kuchta* at paragraph three of the syllabus. Similarly, errors and omissions with respect to the preliminary and final judicial reports required by R.C. 2329.191 will, in a proper case, furnish the basis for dismissal by the trial court or for reversal of its judgment on appeal. *See GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780, 962 N.E.2d 838, ¶ 23 (9th Dist.) (judgment entry of final decree of foreclosure judgment prior to the mortgagee's filing of the final report was held

to be reversible error on appeal). But the defects Nyamusevya alleges furnish no basis for claiming a lack of subject-matter jurisdiction. *See Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651, 59 N.E.3d 706 ¶ 49 (7th Dist.); *U.S. Bank Natl. Assn., v. Columbia Park E. MHP, L.L.C.*, 2018-Ohio-5234, 128 N.E.3d 793, ¶ 16 (8th Dist.); *HSBC Bank USA NA v. Beins*, 6th Dist. Lucas No. L-13-1067, 2014-Ohio-56, ¶ 14.

{¶ 19} Because Nyamusevya has pleaded no defect that, if proved, would establish a patent and unambiguous lack of jurisdiction in the common-pleas court, he had an adequate remedy by defending the foreclosure action and appealing the trial court's adverse judgment. *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. The court of appeals' dismissal of Nyamusevya's prohibition claim was proper, albeit for different reasons than those stated by the court.

### III. CONCLUSION

{¶ 20} We affirm the dismissal of this action by the court of appeals for failure to state a claim for mandamus or prohibition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., not participating.

_____

Leonard Nyamusevya, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Bryan B. Lee, Assistant Prosecuting Attorney, for appellee.

_____