[Cite as *Pagani v. Krichbaum*, 2024-Ohio-1810.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE EX REL. DAVID R. PAGANI,

Relator,

v.

THE HON. R. SCOTT KRICHBAUM, ET AL.,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0031**

---

Writ of Prohibition

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James A. Vitullo,* for Relator and

*Atty. Gina DeGenova,* Mahoning County Prosecutor, and *Atty. Jacqueline M. Johnston,* Assistant Prosecuting Attorney, for Respondents.

Dated: May 9, 2024

**PER CURIAM.**

{¶1}    Relator David R. Pagani ("Pagani") has filed this original action for a writ of prohibition against Respondent, The Honorable R. Scott Krichbaum ("Judge Krichbaum"), and Respondent, The Honorable Timothy G. Welsh ("Magistrate Welsh"), to prevent their continued exercise of jurisdiction in *David R. Pagani v. Mercy Health et al.*, Mahoning County Court of Common Pleas, case number 2021 CV 00146.  Pagani seeks to prevent Magistrate Welsh from presiding over the jury trial in that case based on his contention that Judge Krichbaum failed to obtain the unanimous written consent from all parties involved in the lawsuit as mandated by Civ.R. 53(C)(1)(c).  Judge Krichbaum and Magistrate Welsh have filed a motion to dismiss arguing that the alleged non-compliance with Civ.R. 53 does not affect subject matter jurisdiction and that Pagani has an adequate remedy in the ordinary course of law by direct appeal.  Because they are correct, we grant the motion and dismiss this action.

## I. BACKGROUND

### A. Facts

{¶2}    Pagani, representing himself, lodged a wrongful death complaint on behalf of his father in Mahoning County Common Pleas Court in 2021, which was assigned to Judge Krichbaum.  On June 2, 2021, Judge Krichbaum issued a Judgment Entry of Reference, stating, "By unanimous consent of all parties, the jury trial in this matter and all issues and motions attendant thereto are referred to Magistrate Timothy G. Welsh pursuant to Rule 53 of the Ohio Rules of Procedure."

{¶3}    Nearly two years after Pagani filed the complaint, Attorney James A. Vitullo filed a notice of appearance for Pagani followed by pro hac vice co-counsel Attorney Jonathan Andres.  Pagani then attempted to file an amended complaint, which Magistrate Welsh overruled on February 15, 2023.  Pagani filed an objection to that decision.  On March 8, 2023, Magistrate Welsh issued an order declaring the objection a legal nullity, citing Judge Krichbaum's June 2, 2021 judgment entry referring the "jury trial in this matter and all issues and motions attendant thereto" to the Magistrate pursuant to Civ.R. 53(C)(1)(c).  Nevertheless, at a status hearing the following week, Magistrate

Case No. 24 MA 0031

Welsh granted Pagani leave to file a renewed motion for leave to amend the complaint. Following briefing on the motion, Magistrate Welsh granted Pagani leave to file his first amended complaint instanter.

{¶4} On February 1, 2024, Pagani moved for reconsideration of Judge Krichbaum's June 2, 2021 Judgment Entry of Reference. Pagani asserted the entry was not entered upon unanimous written consent of all parties. In support, he referenced and attached a Magistrate's Status Hearing Order issued by Magistrate Welsh on the same day as Judge Krichbaum's Judgment Entry of Reference. In the order, Magistrate Welsh states: "Counsel shall advise if the parties will consent to the Magistrate presiding over the Jury Trial pursuant to Civ. R. 53(C)(1)(c) within fourteen (14) days of this Order by email * * *." Pagani filed separate motions for reconsideration directed to Magistrate Welsh's initial overruling of his motion for leave to file his first amended complaint and his order declaring Pagani's objection to that decision a legal nullity.

{¶5} On February 20, 2024, Judge Krichbaum issued a judgment entry overruling Pagani's motion:

> Based upon the direct representations made by Plaintiff himself, and Defendants' counsel consenting to the jurisdiction of the Magistrate, this Court in its Judgment Entry of Reference filed June 2, 2021 specifically found that the parties had unanimously consented to the Magistrate presiding over the jury trial in this matter pursuant to Civ.R. 53. Since that time, the Magistrate has proceeded to issue numerous rulings in this case without objection, whatsoever, by Plaintiff. Furthermore, since Plaintiff's counsel entered an appearance herein in December, 2022, no objection has been made to the Magistrate's jurisdiction or the Judgment Entry Order of Reference.
>
> Plaintiff does not contest that he consented to the Magistrate's jurisdiction in this matter. Plaintiff's counsel's argument is based upon the fact that his client's consent was not in writing. This is a mere technicality given the parties' direct and articulated representation to this Court of consent upon which the Court and parties have acted and relied upon for nearly three

years. Plaintiff's efforts to renege upon or withdraw his consent at this time is purely an exercise of form over substance and will not be considered by the Court to utterly frustrate these proceedings after so long.

Now, nearly three years after the filing of the Judgment Entry Order of Reference, Plaintiff's counsel seeks this Court's "reconsideration" or vacation of that Order. Not only is Plaintiff's Motion for Reconsideration a legal nullity, his time to vacate that Order pursuant to Civ.R. 60 has long passed and the Court deems Plaintiff's Motion as nothing less than a dilatory tactic to further delay a case which is and remains the only over-age case on this Court's docket. Furthermore, and finally, Plaintiff has waived any objection to the Magistrate's jurisdiction by his acquiescence in all proceedings thus far.

Based upon the foregoing, Plaintiff's Motion for Reconsideration of Judgment Entry of Reference is overruled.

**{¶6}** Magistrate Welsh issued an order that same day overruling Pagani's motions for reconsideration directed to his previous orders as a legal nullity.

## B. Procedural History

**{¶7}** Counsel for Pagani commenced this original action on March 8, 2024, with the filing of the Complaint for a Writ of Prohibition. The complaint is signed by the same counsel that represents Pagani in the wrongful death action — Attorney James A. Vitullo and Attorney Jonathan Andres. Magistrate Welsh issued an order on March 15, 2024, staying all proceedings in the wrongful death action pending disposition of this original action. Statutory counsel for Judge Krichbaum and Magistrate Welsh is the Mahoning County Prosecutor's Office and through Assistant Prosecutor Attorney Jacqueline M. Johnston, responded on April 10, 2024, with a motion to dismiss Pagani's complaint for a writ of prohibition. Pagani filed a memorandum in response to Judge Krichbaum and Magistrate Welsh's motion to dismiss on April 16, 2024. Judge Krichbaum and Magistrate

Case No. 24 MA 0031

Welsh filed a reply to Pagaini's memorandum in response to the motion to dismiss on April 23, 2024.

## II. APPLICABLE LAW

**{¶8}** A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. *Id.* As such, it is an extraordinary remedy which is customarily granted with caution and restraint and is issued only in cases of necessity arising from the inadequacy of other remedies. *Id.*

**{¶9}** To be entitled to a writ of prohibition, a relator must establish by clear and convincing evidence (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) an injury that would result from denial of the writ for which no adequate remedy exists in the ordinary course of the law. *State ex rel. Reynolds v. Kirby*, 172 Ohio St.3d 273, 2023-Ohio-782, 223 N.E.3d 417, ¶ 9.

**{¶10}** The last two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 298-299, 691 N.E.2d 253 (1998).

**{¶11}** Dismissal of the complaint is proper if it appears beyond doubt, after presuming the truth of all material factual allegations in the petition and making all reasonable inferences in his favor, that Pagani is not entitled to extraordinary relief in prohibition. *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

### III. ANALYSIS

{¶12} Pagani argues Magistrate Welsh lacks jurisdiction to preside over the jury trial of the wrongful death action because the parties to that action did not give unanimous written consent as mandated and required by Civ.R. 53(C)(1)(c). Pagani's complaint, however, does not provide a proper basis for relief in prohibition.

{¶13} The Ohio Supreme Court considered a similar argument related to Civ.R. 53 in *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031. There, the defendant in a divorce case argued the judge's exercise of judicial power was unauthorized by law because certain procedures the judge employed did not comply with Civ.R. 53. Specifically, the relator contended the judge effectively dispensed with the process outlined in Civ.R. 53 in favor of "rubber stamping" the magistrate's decisions.

{¶14} The Court rejected the relator's argument, noting "[p]rohibition will generally lie only for an absence of subject-matter jurisdiction." *Id.* at ¶ 8, quoting *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 16. It ordinarily "will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *Id.*, quoting *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24.

{¶15} The Court observed the crux of the relator's argument pertained to the judge's *exercise* of jurisdiction, not the absence of subject-matter jurisdiction. Even if the judge's procedure of "rubber stamping" the magistrate's decisions was contrary to what Civ.R. 53 requires, prohibition is not the proper remedy. *Id.*, citing *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995) ("the fact that [a judge] may have exercised * * * jurisdiction erroneously does not give rise to extraordinary relief by prohibition"). The Court concluded, holding that "[n]oncompliance with Civ.R. 53 is a procedural irregularity that does not affect the trial court's subject-matter jurisdiction to hear the case." *Id.*, citing *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 71, 417 N.E.2d 1382 (1981) (trial court's failure to comply with Civ.R. 53 "renders the resulting judgment *voidable*, and not void" [emphasis sic]).

**{¶16}** Pagani alleges Judge Krichbaum has not complied with Civ.R. 53(C)(1)(c). Following the lead of the federal courts, Ohio amended Civ.R. 53 in 2020 to authorize magistrates to conduct civil jury trials with written consent of all parties:

> **(C)     Authority**
>
> (1)     Scope
>
>> To assist courts of record and pursuant to reference under Civ.R. 53(D)(1), magistrates are authorized, subject to the terms of the relevant reference, to do any of the following:
>>
>> * * *
>>
>> (c) Upon unanimous written consent of the parties, preside over the trial of any case that will be tried to a jury[.]

**{¶17}** Pagani's contention that Judge Krichbaum and Magistrate Welsh patently and unambiguously lack jurisdiction because of Judge Krichbaum's alleged failure to obtain the parties' unanimous written consent to have Magistrate Welsh preside over the jury trial is without merit in light of the Ohio Supreme Court's decision in *Paschke*. Civ.R. 53 defines the scope of a magistrate's authority, but makes absolutely no reference to jurisdiction. Although Pagani couches his argument in terms of Judge Krichbaum and Magistrate Welsh patently and unambiguously lacking jurisdiction, he is substantively asserting error in their *exercise* of jurisdiction (noncompliance with Civ.R. 53(C)(1)(c)). Consequently, as the Court in *Paschke* observed, prohibition is not the proper remedy. *Id.* at ¶ 8, citing *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995) ("the fact that [a judge] may have exercised * * * jurisdiction erroneously does not give rise to extraordinary relief by prohibition").

**{¶18}** In his memorandum in response to Judge Krichbaum and Magistrate Welsh's motion to dismiss, Pagani cites to *State ex rel. O'Malley v. Collier-Williams*, 153 Ohio St.3d 553, 2018-Ohio-3154, as support for his notion that Civ.R. 53(C)(1)(c) patently

and unambiguously "divested" Judge Krichbaum of jurisdiction. *O'Malley* involved a capital murder defendant who originally waived his right to a jury and was convicted and sentenced to death by a three-judge panel in Cuyahoga County Common Pleas Court. A federal appeals court vacated the death sentence and remanded the case to the trial court for a new penalty-phase trial, presided over by Judge Cassandra Collier-Williams. On remand, the state asked the trial court to find that the defendant's jury waiver applied to the new penalty-phase hearing and to schedule the resentencing hearing before a three-judge panel. The defendant filed a motion requesting a jury for his penalty-phase hearing, which the state opposed. Judge Collier-Williams denied the motion but then subsequently granted the defendant's renewed motion. In response, Cuyahoga County Prosecuting Attorney Michael C. O'Malley filed a complaint for a writ of prohibition in the Ohio Supreme Court to prevent Judge Collier-Williams from empaneling a jury for the capital-murder resentencing hearing.

**{¶19}** The Supreme Court acknowledged the trial court's basic subject-matter jurisdiction over crimes under R.C. 2931.03, but also observed that the "the mere fact that the Ohio court has basic statutory jurisdiction to determine" a case or class of cases "does not preclude a more specific statute * * * from patently and unambiguously divesting the court of such jurisdiction." *Id.* at ¶ 17, quoting *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 46. And the Court cited to a specific statute that did just that under this scenario: "If the offender was tried by a jury, the trial court *shall* impanel a new jury for the hearing. If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges *shall* conduct the hearing." (Emphasis sic.) R.C. 2929.06(B). The Court granted O'Malley a writ of prohibition because Judge Collier-Williams patently and unambiguously lacked jurisdiction to empanel a jury for the capital resentencing hearing under R.C. 2929.06(B).

**{¶20}** Pagani's attempt to align his case with *O'Malley* falls short. Civ.R. 53(C)(1)(c) does not contain any language divesting a trial court of jurisdiction for an alleged lack of the parties' unanimous written consent to have a magistrate preside over the jury trial. Additionally, as a general rule, the Ohio Rules of Civil Procedure govern the procedures courts follow in civil cases and the scope, power, and organization of courts is governed by Ohio Revised Code. This distinction is acknowledged by the rules

themselves in Civ.R. 82 which provides: "These rules shall not be construed to extend or limit the jurisdiction of the courts of this state." Notably, in *O'Malley*, it was a Revised Code section that expressly "divested" the trial court of jurisdiction, not a Rule of Civil Procedure.

{¶21} Pagani also cites this Court's decision *Dixon v. O'Brien*, 7th Dist. Mahoning 09 MA 123, 2011-Ohio-3399, as precedent supporting the conclusion that Judge Krichbaum and Magistrate Welsh patently and unambiguously lack jurisdiction. Pagani insists this Court cannot allow Judge Krichbaum and Magistrate Welsh to exercise judicial power and resulting errors to stand because without unanimous written consent of the parties (a) Judge Krichbaum patently and unambiguously lacks jurisdiction to refer the jury trial and all issues and motions attendant thereto to Magistrate Welsh and (b) Magistrate Welsh patently and unambiguously lacks jurisdiction to preside over the jury trial of the wrongful death action and deny Pagani access to the trial court's review of the magistrate's orders.

{¶22} In *Dixon*, decided before the 2020 amendments to Civ.R. 53 authorizing magistrates to conduct civil jury trials, the parties consented to the magistrate presiding over all matters, including a jury trial. *Id.* at ¶ 4. The parties stipulated that they would waive any and all objections to any magistrate orders or decisions and accept such as binding. *Id.* At trial, the jury found in favor of O'Brien and the judgment was signed by the magistrate and the trial court judge. *Id.* at ¶ 5. Following the outcome of the trial, Dixon filed a motion for a judgment notwithstanding the verdict/new trial and a motion to set aside the magistrate's order, both of which were denied by the trial court and Dixon appealed. *Id.* at ¶ 6-7.

{¶23} We held that parties to litigation cannot stipulate to legal matters strictly within the purview of the court such as the mode of proceeding in a trial and the application of the rules. *Id.* at ¶ 19. We found the stipulation by the parties to accept the magistrate's decision as binding and waive all objections to the magistrate's decision impermissibly expanded the scope of a magistrate's authority under Civ.R. 53 and the Ohio Constitution. *Id.* at ¶ 22, 25. We then proceeded to examine whether the trial court's failure to comply with Civ.R. 53 resulted in prejudice, focusing on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's

decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. *Id.* at ¶ 32.

**{¶24}** Pagani's reliance on *Dixon* is misplaced. As indicated, *Dixon* was decided before the 2020 amendments to Civ.R. 53 allowing magistrates to conduct a civil jury trial. The language found in the current Civ.R. 53(C)(1)(c) did not exist when we decided *Dixon*. Additionally, *Dixon* was a direct appeal from a civil judgment, not an original action for a writ of prohibition. We did not state that the trial court's noncompliance with Civ.R. 53 had any effect on its jurisdiction. Rather, *Dixon* serves to illustrate that "appeal, not mandamus or prohibition, is the remedy for the correction of errors." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 109, 637 N.E.2d 319 (1994). Thus, "'[e]xtraordinary remedies, i.e., mandamus [and] prohibition[,] * * * may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction * * *.'" *Id.*, quoting *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973).

## IV. CONCLUSION

**{¶25}** It is beyond doubt, after presuming the truth of all material factual allegations in Pagani's complaint for a writ of prohibition and making all reasonable inferences in his favor, that he is not entitled to extraordinary relief in prohibition. We grant the motion to dismiss filed by Judge Krichbaum and Magistrate Welsh, and dismiss Pagani's complaint for a writ of prohibition.

**{¶26}** Both Pagani's complaint for a writ of prohibition and memorandum in response to the motion to dismiss are signed by the same counsel that represents Pagani in the wrongful death action—Attorney James A. Vitullo and Attorney Jonathan Andres. Attorney Andres is an out-of-state attorney identified as pro hac vice counsel. Attorney Andres is not admitted to practice law in the state of Ohio and has not filed a motion for permission to appear pro hac vice with this Court in this original action for a writ of prohibition as required by Gov. Bar R. XII. Therefore, we order only Attorney Jonathan Andres' name stricken from those two pleadings.

**{¶27}** The clerk is directed to serve copies of this Opinion and Judgment Entry upon Judge Krichbaum and Magistrate Welsh, and to serve on the remaining parties

Case No. 24 MA 0031

notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).  The costs of this action are assessed to Pagani.  Writ DENIED.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**