[Cite as *Pagani v. Mercy Health*, 2025-Ohio-4870.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

DAVID R. PAGANI, INDIVIDUALLY AND AS
EXECUTOR/ADMINISTRATOR OF THE ESTATE OF
DAVID A. PAGANI, DECEASED,

Plaintiff-Appellant,

v.

MERCY HEALTH DBA
ST. ELIZABETH YOUNGSTOWN HOSPITAL ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0044

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CV 146

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

David R. Pagani, *Pro se*, Plaintiff-Appellant and

*Atty. Brianna M. Prislipsky*, *Atty. Thomas A. Prislipsky*, and *Atty. Cameron R. Robatin*, Reminger Co., L.P.A., for Defendants-Appellees.

Dated: October 23, 2025

**HANNI, J.**

{¶1} Plaintiff-Appellant, David R. Pagani, individually and as the executor/administrator of the Estate of David A. Pagani, appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of Defendants-Appellees, Mercy Health dba St. Elizabeth Youngstown Hospital and Erica P. Peebles, RN, on Appellant's complaint for medical negligence and wrongful death as it related to the care and treatment of his father. Appellant argues that he never gave written consent for the magistrate to preside over this case. Because he contends his written consent was required by the Civil Rules, Appellant argues the magistrate did not have authority to issue decisions in this case, including ruling on Appellees' summary judgment motion.

{¶2} The record demonstrates that Appellant gave his consent for the magistrate to preside over this case. Moreover, Appellant did not raise this issue until the case was three years old and had been proceeding with discovery, during which time the magistrate issued many rulings. And the Civil Rules permit a magistrate to rule on any motions in a case. For all of these reasons, the trial court's judgment is affirmed.

{¶3} Acting pro se, Appellant filed a complaint against Appellees on January 26, 2021. The complaint alleged that Appellees rendered negligent medical care and treatment to Appellant's father ultimately causing his death.

{¶4} On June 2, 2021, the trial court entered a judgment stating: "*By unanimous consent of all parties*, the jury trial in this matter and all issues and motions attendant thereto are referred to Magistrate Timothy G. Welsh pursuant to Rule 53 of the Ohio Rules of Civil Procedure." (Emphasis added). That same day, the magistrate issued a status hearing order. The order included a scheduled jury trial date of June 22, 2022, to proceed before the magistrate. It also included an advisement that any party could appeal this order to the trial court within ten days. Appellant did not object to this order.

{¶5} After numerous discovery extensions, on September 14, 2022, the magistrate held a pretrial conference. In the subsequent magistrate's order, the magistrate continued the jury trial date to March 27, 2023. The magistrate again noted that the parties could appeal this order to the trial court. And once again, Appellant did not object to this order.

Case No. 25 MA 0044

**{¶6}** On December 20, 2022, Appellant retained counsel. Discovery and status conferences with the magistrate continued.

**{¶7}** Appellant attempted to amend his complaint to add numerous new defendants and claims. The magistrate initially denied Appellant's request on February 15, 2023, citing the numerous extensions of time he had already granted Appellant and the fact that Appellant filed this motion two months before trial was scheduled. On Appellant's motion, however, the magistrate later granted the motion to amend.

**{¶8}** On March 14, 2023, the magistrate held another status hearing. The magistrate stated that the jury trial, before him, was now set for November 6, 2023. No objections were filed and discovery continued.

**{¶9}** After another continuance, on February 1, 2024, Appellant filed three motions for reconsideration. These motions asked the trial court to reconsider the magistrate's decisions dated June 2, 2021; February 15, 2023; and March 8, 2023. Appellant took issue with the court's June 2, 2021 order stating that by unanimous consent of all parties, the jury trial in this matter and all motions would be heard by the magistrate. Appellant argued that his consent was not in writing as is required by the Civil Rules. By this time, the case had already been pending for over three years and the magistrate had ruled on all motions and issues.

**{¶10}** The trial court overruled Appellant's motions for reconsideration on February 20, 2024, finding the following:

> Based upon the direct representations made by Plaintiff himself, and Defendants' counsel consenting to the jurisdiction of the Magistrate, this Court in its Judgment Entry of Reference filed June 2, 2021 specifically found that the parties had unanimously consented to the Magistrate presiding over the jury trial in this matter pursuant to Civ.R. 53. Since that time, the Magistrate has proceeded to issue numerous rulings in this case without objection, whatsoever, by Plaintiff. Furthermore, since Plaintiff's counsel entered an appearance herein in December, 2022, no objection has been made to the Magistrate's jurisdiction or the Judgment Entry Order of Reference.

Plaintiff does not contest that he consented to the Magistrate's jurisdiction in this matter. Plaintiff's counsel's argument is based upon the fact that his client's consent was not in writing. This is a mere technicality given the parties' direct and articulated representation to this Court of consent upon which the Court and parties have acted and relied upon for nearly three years. Plaintiff's efforts to renege upon or withdraw his consent at this time is purely an exercise of form over substance and will not be considered by the Court to utterly frustrate these proceedings after so long.

Now, nearly three years after the filing of the Judgment Entry Order of Reference, Plaintiff's counsel seeks this Court's "reconsideration" or vacation of that Order. Not only is Plaintiff's Motion for Reconsideration a legal nullity, his time to vacate that Order pursuant to Civ.R. 60 has long passed and the Court deems Plaintiff's Motion as nothing less than a dilatory tactic to further delay a case which is and remains the only over-age case on this Court's docket. Furthermore, and finally, Plaintiff has waived any objections to the Magistrate's jurisdiction by his acquiescence in all proceedings thus far.

Thus, the case continued with additional discovery.

{¶11} Next, on March 8, 2024, Appellant filed a writ of prohibition with this Court against the trial court judge and the magistrate to prevent their continued exercise of jurisdiction in this case. *See State ex rel. Pagani v. Krichbaum*, 2024-Ohio-1810 (7th Dist.). Appellant sought to prevent the magistrate from presiding over the jury trial based on his contention that the judge failed to obtain the unanimous written consent from all parties involved in the lawsuit as mandated by Civ.R. 53(C)(1)(c).

{¶12} The magistrate issued an order staying all proceedings in the case pending our disposition of the writ of prohibition.

{¶13} On May 9, 2024, this Court found Appellant's complaint did not provide a proper basis for relief in prohibition. *Id.* at ¶ 12. We dismissed the complaint in prohibition finding that while Civ.R. 53 defines the scope of a magistrate's authority, it makes absolutely no reference to jurisdiction. *Id.* at ¶ 17. We noted that while Appellant couched

his argument in terms of the judge and the magistrate patently and unambiguously lacking jurisdiction, he substantively asserted error in their exercise of jurisdiction (noncompliance with Civ.R. 53(C)(1)(c)). *Id.* Thus, we found prohibition was not an available remedy. *Id.*

**{¶14}** The case then resumed in the trial court. Appellees filed a motion for summary judgment asserting Appellant failed to present an expert opinion on the issue of causation. The magistrate agreed and granted summary judgment in favor of Appellees on April 7, 2025. The trial court adopted the magistrate's decision and entered judgment in favor of Appellees the next day.

**{¶15}** Appellant, now proceeding pro se again, filed a timely notice of appeal on May 7, 2025. Appellant raises five assignments of error. His argument with regard to each assignment of error is very brief. We will address Appellant's assignments of error out of order and in two groups for ease of discussion.

**{¶16}** Appellant's first, third, and fifth assignments of error share a common basis in law and fact.

**{¶17}** Appellant's first assignment of error states:

THE TRIAL COURT ERRED BY PERMITTING MAGISTRATE TIMOTHY WELSH TO PRESIDE OVER DISPOSITIVE PROCEEDINGS WITHOUT OBTAINING THE UNANIMOUS WRITTEN CONSENT OF ALL PARTIES, IN VIOLATION OF CIV.R. 53(C)(1)(c).

**{¶18}** Appellant argues the magistrate lacked written consent from the parties to make dispositive rulings.

**{¶19}** Appellant's third assignment of error states:

THE TRIAL COURT ERRED IN ENTERING SUMMARY JUDGMENT AGAINST PLAINTIFF WHERE THAT JUDGMENT WAS BASED ON A SERIES OF PREJUDICIAL DISCOVERY AND PROCEDURAL RULINGS MADE BY A MAGISTRATE LACKING PROPER AUTHORITY UNDER CIV.R. 53(C)(1)(c), WHICH WERE NEVER REVIEWED BY THE TRIAL COURT. THESE ERRORS WERE NOT MERELY PROCEDURAL – THEY

DIRECTLY OBSTRUCTED PLAINTIFF'S ABILITY TO PROSECUTE HIS CLAIMS AND CAUSED SUBSTANTIAL PREJUDICE.

**{¶20}** Appellant asserts the magistrate made numerous discovery rulings against him, which denied him of essential evidence.  Appellant claims the magistrate did not have the authority to issue these discovery rulings.  He further claims that Appellees' counsel falsely represented to the court that all parties had provided written consent for the magistrate to preside.

**{¶21}** Appellant's fifth assignment of error states:

THE TRIAL COURT ERRED BY ENTERING FINAL JUDGMENT UNDER CIV.R. 53(C)(2) BASED ON THE DEMONSTRABLY FALSE CLAIM THAT THE PARTIES HAD "UNANIMOUSLY CONSENTED" TO TRIAL BEFORE THE MAGISTRATE.  NO SUCH WRITTEN CONSENT WAS EVER GIVEN OR FILED, RENDERING THE TRIAL COURT'S FINAL JUDGMENT VOID AND A LEGAL NULLITY BECAUSE THE TRIAL COURT WAS REQUIRED TO ENTER JUDGMENT CONSISTENT WITH THE MAGISTRATE'S ORDER AND SHALL NOT REVIEW THE MAGISTRATE'S FINDINGS.

**{¶22}** In its judgment entry granting summary judgment, the trial court stated: "The parties previously unanimously consented to the Magistrate presiding over this matter".

**{¶23}** Appellant argues the trial court erred in making this finding and entering judgment on the magistrate's decision because he never gave written consent for the magistrate to decide the case.  He claims the court incorrectly relied on Civ.R. 53(C)(2).

**{¶24}** Civ.R. 53(C) is applicable to each of these assignments of error.  It sets out a magistrate's authority:

(1) Scope. To assist courts of record and pursuant to reference under Civ. R. 53(D)(1), magistrates are authorized, subject to the terms of the relevant reference, to do any of the following:

(a) *Determine any motion in any case;*

Case No. 25 MA 0044

(b) Conduct the trial of any case that will not be tried to a jury;

(c) *Upon unanimous written consent of the parties, preside over the trial of any case that will be tried to a jury;*

(d) Conduct proceedings upon application for the issuance of a temporary protection order as authorized by law;

(e) Exercise any other authority specifically vested in magistrates by statute and consistent with this rule.

(Emphasis added); Civ.R. 53(C).

{¶25} Pursuant to Civ.R. 53(C)(1)(a), a magistrate has the authority to rule on any motion filed in a case. Written consent by the parties is not required in order to authorize a magistrate to make such rulings. Thus, pursuant to the Civil Rules, the magistrate was authorized to rule on each discovery motion filed in this case whether or not Appellant gave his written consent.

{¶26} Pursuant to Civ.R. 53(C)(1)(c), unanimous written consent of the parties is required for the magistrate to preside over a jury trial. But this case never went to a jury trial. It was decided on summary judgment. So unanimous written consent of the parties was not required here.

{¶27} As to the dispositive summary judgment motion:

Under Civ.R. 53(D)(2)(a)(i), a magistrate may issue a "magistrate's order" "without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." To address a motion that is dispositive of a claim or defense, a magistrate issues a "magistrate's decision," which is not effective unless it is adopted by the court, Civ.R. 53(C)(4)(a).

*State ex rel. Goldschmidt v. Triggs*, 2024-Ohio-3225, ¶ 12.

{¶28} In this case, the magistrate granted Appellee's summary judgment motion. And that ruling was not effective until the trial court adopted it. The trial court adopted the magistrate's decision the following day and entered judgment accordingly.

Case No. 25 MA 0044

{¶29} For these reasons, Appellant's first, third, and fifth assignments of error are without merit and are overruled.

{¶30} Appellant's second and fourth assignments of error take issue with the magistrate's March 8, 2023 order and will be addressed together.

{¶31} Appellant's second assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO CONDUCT AN INDEPENDENT DE NOVO REVIEW OF THE MAGISTRATE'S DECISION PURSUANT TO CIV.R. 53(D)(4)(d), THEREBY DENYING APPELLANT HIS RIGHT TO MEANINGFUL JUDICIAL REVIEW. THE MAGISTRATE'S MARCH 8, 2023 ORDER STATED THAT THE PLAINTIFF DOES NOT HAVE [to] RESORT TO THE TRIAL COURT'S REVIEW OF ANY ORDERS. THAT CONCLUSION WAS BASED ON A FALSEHOOD THAT WRITTEN CONSENT HAD BEEN GIVEN.

{¶32} Appellant's fourth assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO RULE ON APPELLANT'S TIMELY MOTIONS TO SET ASIDE VARIOUS MAGISTRATE'S ORDERS UNDER CIV.R. 53(D)(2)(b) (WHERE NO WRITTEN CONSENT UNDER CIV.R. 53(C)(1)(c) HAD BEEN GIVEN), AND INSTEAD PROCEEDING TO ADOPT OR RELY UPON THE MAGISTRATE'S ORDER WITHOUT JUDGE'S REVIEW, THEREBY VIOLATING APPELLANT'S RIGHTS TO INDEPENDENT JUDICIAL CONSIDERATION AND DUE PROCESS. THE MAGISTRATE'S MARCH 8, 2023 ORDER STATED THAT THE PLAINTIFF DOES NOT HAVE [to] RESORT TO THE TRIAL COURT'S REVIEW OF ANY ORDERS. THAT CONCLUSION WAS BASED ON A FALSEHOOD THAT WRITTEN CONSENT HAD BEEN GIVEN.

{¶33} In January 2023, Appellant attempted to amend his complaint to add numerous new defendants and claims. The magistrate initially denied Appellant's request on February 15, 2023. Appellant filed an objection to this decision. On March 8, 2023, the magistrate issued an order noting the parties unanimously consented to him presiding

over the trial of this matter. Therefore, the magistrate found that Appellant's objection was a legal nullity. Despite this ruling however, on April 11, 2023, the magistrate reconsidered and granted Appellant's request to amend his complaint.

**{¶34}** Appellant argues that the trial court erred in not reviewing the magistrate's March 8, 2023 order.

**{¶35}** As can be seen from the above timeline, Appellant's argument here is unfounded. While the magistrate initially denied his motion to amend his complaint (the February 15, 2023, order), the magistrate later reconsidered and allowed the amendment (the April 11, 2023 order). Thus, the April 11, 2023 order controlled.

**{¶36}** Accordingly, Appellant's second and fourth assignments of error are without merit and are overruled.

**{¶37}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**