[Cite as *Pagani v. Mercy Health*, 2025-Ohio-5337.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

DAVID R. PAGANI, INDIVIDUALLY AND AS
EXECUTOR/ADMINISTRATOR OF THE ESTATE OF
DAVID A. PAGANI, DECEASED,

Plaintiff-Appellant,

v.

MERCY HEALTH DBA
ST. ELIZABETH YOUNGSTOWN HOSPITAL ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0044

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

David R. Pagani, *Pro se*, Plaintiff-Appellant and

*Atty. Brianna M. Prislipsky*, *Atty. Thomas A. Prislipsky*, and *Atty. Cameron R. Robatin*, Reminger Co., L.P.A., for Defendants-Appellees.

Dated: November 26, 2025

**PER CURIAM.**

{¶1}   Plaintiff-Appellant, David R. Pagani, has filed an application for reconsideration asking this Court to reconsider our decision and judgment entry in which we affirmed the trial court judgment granting summary judgment in favor of Defendants-Appellees, Mercy Health dba St. Elizabeth Youngstown Hospital and Erica P. Peebles, RN, on Appellant's complaint for medical negligence and wrongful death. *Pagani v. Mercy Health*, 2025-Ohio-4870 (7th Dist.).

{¶2}   App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist. 1981).  The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.*  An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996).  Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3}   Appellant first claims we incorrectly found that this case had been pending for three years before he took issue with the magistrate presiding over this case.

{¶4}   This case was filed on January 26, 2021.  As we stated in our opinion:

> On June 2, 2021, the trial court entered a judgment stating: "*By unanimous consent of all parties*, the jury trial in this matter and all issues and motions attendant thereto are referred to Magistrate Timothy G. Welsh pursuant to Rule 53 of the Ohio Rules of Civil Procedure." (Emphasis added).
>
> . . .
>
> After another continuance, on February 1, 2024, Appellant filed three motions for reconsideration.   These motions asked the trial court to

reconsider the magistrate's decisions dated June 2, 2021; February 15, 2023; and March 8, 2023. Appellant took issue with the court's June 2, 2021 order stating that by unanimous consent of all parties, the jury trial in this matter and all motions would be heard by the magistrate. Appellant argued that his consent was not in writing as is required by the Civil Rules. By this time, the case had already been pending for over three years and the magistrate had ruled on all motions and issues.

*Pagani*, 2025-Ohio-4870, ¶ 4, 9 (7th Dist.). Thus, it was not until February 1, 2024 (when the case had been pending for three years), that Appellant took issue with the trial court's statement that unanimous consent for the magistrate to preside had been given by all parties.

{¶5} Appellant next claims we misstated the law by finding that Appellant's participation before the magistrate equated to express consent for the magistrate to preside over the case. Finally, Appellant claims that this Court incorrectly found that Appellant gave written consent for the magistrate to preside over this case.

{¶6} We did not make this finding as Appellant contends. In fact, we specifically found that written consent was not required here:

Pursuant to Civ.R. 53(C)(1)(a), a magistrate has the authority to rule on any motion filed in a case. Written consent by the parties is not required in order to authorize a magistrate to make such rulings. Thus, pursuant to the Civil Rules, the magistrate was authorized to rule on each discovery motion filed in this case whether or not Appellant gave his written consent.

Pursuant to Civ.R. 53(C)(1)(c), unanimous written consent of the parties is required for the magistrate to preside over a jury trial. But this case never went to a jury trial. It was decided on summary judgment. So unanimous written consent of the parties was not required here.

*Pagani*, 2025-Ohio-4870, at ¶ 25-26 (7th Dist.).

{¶7} Thus, we never found, as Appellant claims, that Appellant gave *written* consent to the magistrate presiding over this case. And significantly we determined that

written consent was not required in this case for the magistrate to rule on motions, including the dispositive summary judgment motion.

{¶8}   In sum, Appellant merely disagrees with the conclusions reached and the logic used by this Court.

{¶9}   For the reasons stated, the application for reconsideration is denied.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**